## CHARLES F. GRABERT *v.* STATE OF MARYLAND

[Nos. 880 and 881, September Term, 1973.]

*Decided August 14, 1974.*

The cause was argued before Thompson, Moore and Lowe, JJ.

*K. Andrew Bailey,* with whom was *Charles A. Norris* on the brief, for appellant.

*James G. Klair, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General,* and *John D.
Bailey, Jr., State's Attorney for St. Mary's County,* on the
brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

On June 15, 1973, Charles F. Grabert, appellant, was
convicted for possessing and selling LSD on September 15,
1972 and for possessing and selling cocaine on June 30, 1972.
Although the cases were not formally consolidated, they
were consecutively tried on the same day before Judge
Joseph A. Mattingly, sitting without a jury in the Circuit
Court for St. Mary's County. A single opinion covering both
cases was filed. Upon motion by the State, the appeals were
formally consolidated in this Court. Both cases present the
contention that the State unconstitutionally interfered with
the appellant's right to counsel at his respective trials.

During the course of the trials, it developed that the
appellant, along with four others including John Lawrence
Orgel, an undercover agent working with St. Mary's County
Sheriff's Office, were arrested on several marijuana charges
which arose out of a raid on September 11, 1972. On
September 12, the day after the raid, all of the defendants
gathered in the office of attorney Charles A. Norris. Mr.
Orgel admitted going to Mr. Norris's office pursuant to an
agreement among the five to retain the same lawyer to
represent them. Mr. Orgel further testified that he went to
the office reluctantly and only to preserve his cover; and
that he was not directed to go there by any official. Indeed,
the statements of counsel show that when the intrusion was
brought to the attention of the State's Attorney all of the
charges resulting from the marijuana raid were promptly
dismissed. Mr. Orgel testified not only that he went to the
office reluctantly but that he arrived late, stayed for only
twenty minutes and left. He did admit that while he was
there there was some discussion as to the nature of the
defense to the marijuana charges; but he testified
affirmatively that no evidence was obtained from the
conference that was used in the prosecution of the instant

cases. He testified, moreover, that the arrests and purchases in the present cases were not the result of any information obtained from his being in Mr. Norris's office. No other witness testified concerning what transpired in Mr. Norris's office.

Other testimony in the case established that Mr. Grabert sold cocaine to Mr. Orgel on June 30, 1972; and that he sold LSD to Mr. Orgel and Cynthia Conley, another undercover agent, on September 15, 1972.

To support his argument that his right to counsel was unconstitutionally infringed, appellant relies on *Caldwell v. United States*, 92 U. S. App. D. C. 355, 205 F. 2d 879, 881 (1953) [1] and *Coplon v. United States*, 89 U. S. App. D. C. 103, 191 F. 2d 749, 759 (1951). In those cases, the appellants were awarded new trials on the basis that they had been denied the effective assistance of counsel and due process. In both cases, the government availed itself of information by the surreptitious intrusion of its agents into conferences between the accused and his counsel. The Court laid down the broad rule that any invasion into the right privately to communicate between an accused and his attorney would result in vacation or reversal of the conviction. The Supreme Court, however, in *Hoffa v. United States*, 385 U. S. 293, 87 S. Ct. 408, 17 L.Ed.2d 374 (1966), limited the broad language of *Coplon* and *Caldwell* to their facts which involved "government intrusion of the grossest kind upon the confidential relationship between the defendant and his counsel." *Id.* at 306, 87 S. Ct. at 416.

In *McClelland v. State*, 4 Md. App. 18, 240 A. 2d 769 (1968), *cert. denied*, 395 U. S. 914, this Court reviewed the *Caldwell* and *Coplon* cases, as construed in *Hoffa*, together with all cases which bore upon this subject and, in the absence of a gross invasion, held:

> "We conclude that an intrusion into an attorney-defendant relationship, even if improper, does not, in itself, bar prosecution. Nor does it

---

1. Caldwell's conviction, upon retrial, was affirmed. *Caldwell v. United States*, 95 U. S. App. D. C. 35, 218 F. 2d 370 (1954), *cert. denied*, 349 U. S. 930, 75 S. Ct. 773.

vitiate a conviction unless it so taints the trial at which the conviction was obtained as to render that trial unfair to the defendant." *Id.* at 28.

We find subsequent cases are in accord with our holding: *United States v. Arroyo,* 494 F. 2d 1316, 1322-23 (2d Cir. 1974); *United States v. Rosner,* 485 F. 2d 1213, 1225 (2d Cir. 1973); *United States v. Mosca,* 475 F. 2d 1052, 1061 (2d Cir. 1973), *cert. denied,* 93 S. Ct. 3003; *United States v. Brown,* 484 F. 2d 418, 424-25 (5th Cir. 1973); *Manuel v. Salisbury,* 446 F. 2d 453, 456-57 (6th Cir. 1971). Compare, however, the earlier case of *Washington v. Cory,* 62 Wash. 2d 371, 382 P. 2d 1019, 5 A.L.R.3d 1352 (1963).

It is apparent that in the instant case there was no evidence to show that the undercover agent in any way intruded into a conversation between the appellant and his counsel concerning the two trials presently under consideration. The poor judgment evidenced by the undercover agent in attending the conference in the lawyer's office was promptly disavowed by the prosecutor when he dismissed the charges about which the conference was involved. We reiterate the rule laid down by this Court in *McClelland* that, absent a gross invasion, where the record shows there to be an intervention into conferences between an accused and his counsel, there must be a showing of prejudice to overturn a subsequent conviction. The intrusion in the instant case was minimal and we are impressed by the State's promptness in revealing to the accused and his counsel the true status of the undercover agent. There was, of course, a complete absence of prejudice in the cases actually tried.

*Judgments affirmed.*
*Appellant to pay the costs.*